ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email:  ariel.stern@akerman.com
Email:  jamie.combs@akerman.com

*Attorneys for Plaintiff Deutsche Bank National Trust Company, as Trustee for Holders of the GSAA Home Equity Trust 2006-11 Asset-Backed Certificates Series 2006-11*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HOLDERS OF THE GSAA HOME EQUITY TRUST 2006-11 ASSET-BACKED CERTIFICATES SERIES 2006-11,<br><br>Plaintiff,<br><br>vs.<br><br>STAR HILL HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC.; SFR INVESTMENTS POOL 1, LLC,<br><br>Defendants. | Case No.:   2:17-cv-02536<br><br>**COMPLAINT** |

Plaintiff Deutsche Bank National Trust Company, as Trustee for the Holders of the GSAA Home Equity Trust 2006-11 Asset-Backed Certificates Series 2006-11 (**Deutsche Bank**) complains as follows:

**PARTIES AND JURISDICTION**

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Deutsche Bank is a citizen of California the defendants are not citizens of California.  The amount in controversy exceeds $75,000.

42815334;2

2. Deutsche Bank is a national banking association with its main office, as set forth in its articles of incorporation, in the City of Los Angeles, State of California. Thus, under 28 U.S.C. § 1348, for purposes of diversity jurisdiction, Deutsche Bank is deemed to be a citizen of California.[1] The diversity of citizenship requirement is met.[2] Defendants SFR Investments Pool 1, LLC (**SFR**), Star Hill Homeowners Association (**Star Hill**), and Nevada Association Services, Inc. (**NAS**), are on information and belief, not a citizen of California. The amount in controversy requirement is met. Deutsche Bank seeks a declaration that its deed of trust, which secures a loan with a principal balance which exceeds $75,000, which is secured by real property that exceeds $75,000 in value, was not extinguished by a homeowner's association non-judicial foreclosure sale.

3. Defendant Star Hill is a Nevada non-profit corporation with its principal place of business in Clark County, Nevada. Deutsche Bank is informed and believes and therefore alleges Star Hill is the purported beneficiary under an alleged homeowners' association lien recorded January 4, 2012. Deutsche Bank is informed and believes and therefore alleges Star Hill foreclosed on the lien on January 25, 2013.

4. Defendant NAS is a Nevada domestic corporation with its principal place of business in Clark County, Nevada. Deutsche Bank is informed and believes and therefore alleges NAS conducted the foreclosure at issues in this case on behalf of Star Hill.

5. Defendant SFR is, on information and belief, a Nevada limited liability company. SFR's sole member is SFR Investments, LLC, also a Nevada limited liability company. SFR Investment's LLC's sole member is SFR Funding, LLC, a Delaware limited liability company. SFR Funding, LLC's sole member is Xiemen Limited Partnership, a Canadian limited partnership. Xiemen Limited Partnership is comprised of two partners: Xiemen Investments, Ltd. and John Gibson. Xiemen Investments, Ltd. is a Canadian corporation and John Gibson is domiciled in South

---

[1] *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that national banks are citizens of the states where their designated main office is located for purposes of citizenship under 28 U.S.C. § 1348.).

[2] *See Carolina Casualty Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014).

**AKERMAN LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1  Africa.  Deutsche Bank is informed and believes and therefore alleges SFR purchased the property at
2  Star Hill's foreclosure sale, acquiring title via a foreclosure deed dated January 30, 2013.

3        6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 for reasons
4  stated above.

5        7.      Venue is proper in this Court under 28 U.S.C. § 1391.  The property that is the
6  subject of this action is located at 5055 Quiet Falls Court, Las Vegas, NV  89141 (**the property**).
7  Venue is proper in this court under 28 U.S.C. § 1391(1) and (2) because this action seeks to
8  determine an interest in property located within Clark County, Nevada and because this lawsuit
9  arises out of a foreclosure of real property located within Nevada.

10        8.      As set forth in the declaration accompanying this complaint, the pre-litigation dispute
11  resolution process set forth in NRS 38.300 *et seq.* has been exhausted.  Deutsche Bank and Star Hill
12  mediated the issues this complaint addresses pursuant to NRS 38.300 to 38.360 on November 15,
13  2016.  Deutsche Bank and Star Hill did not reach an agreement.  NAS and SFR were notified of the
14  mediation but refused to participate.

15  **GENERAL ALLEGATIONS**

16        9.      Under Nevada state law, homeowners' associations have the right to charge property
17  owners residing within the community assessments to cover the homeowners' associations' expenses
18  for maintaining or improving the community, among other things.

19        10.     When these assessments go unpaid, the association may impose a lien and then
20  foreclose on a lien if the assessments remain unpaid.

21        11.     NRS Chapter 116 generally provides a non-judicial foreclosure scheme for a
22  homeowners' association to conduct a non-judicial foreclosure where the unit owner fails to pay its
23  monthly assessments.

24        12.     NRS 116.3116 makes a homeowners' association lien for assessments junior to a first
25  deed of trust beneficiary's secured interest in the property, with one limited exception: a
26  homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the
27  extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the

1  extent of the assessments for common expenses based on the periodic budget adopted by the
2  association pursuant to NRS 116.3115 which would have become due in the absence of acceleration
3  during the 9 months immediately preceding institution of an action to enforce the lien[.]"
4  NRS 116.3116(2)(c).

### The Senior Deed of Trust and Assignment

13. On or about March 13, 2006, Jesus A. Trevino signed a note in the principal amount of $307,584.00, which was secured by a deed of trust (**senior deed of trust**) recorded against the property in the Clark County Recorder's Office on March 27, 2006, as instrument number **20060327-0003396**. The deed of trust named Mortgage Electronic Registration Systems Inc. (**MERS**) as beneficiary as nominee for the lender and lender's successors and assigns.

14. MERS assigned the senior deed of trust to Bank of America, N.A., succesor by Merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP (**BANA**), on September 28, 2011. The assignment was recorded in the Clark County Recorder's Office on October 12, 2011, as instrument number **201110120000496.**

15. BANA assigned the senior deed of trust to Deutsche Bank on January 10, 2013. The assignment was recorded in the Clark County Recorder's Office on January 11, 2013, as instrument number **201301110001078.**

16. BANA assigned the senior deed to trust to Nationstar Mortgage LLC on July 2, 2013, which was recorded in the Clark County Recorder's Office on October 1, 2013, as instrument number **201310010001959**. The assignment was discharged on August 14, 2017. A discharge of assignment was recorded in the Clark County Recorder's Office on August 15, 2017, as instrument number **20170815-0000483**.

17. Corrective assignments of mortgage were recorded on August 10, 2017, which corrected the instrument number referred to in the assignments from MERS to BANA and BANA to Deutsche Bank. The assignments were recorded in the Clark County Recorder's Office as instrument numbers **20170810-0001052** and **20170810-0001053**, respectively.

18. Deutsche Bank is the current beneficiary of the senior deed of trust.

**The HOA Lien and Foreclosure**

19. On January 4, 2012, Star Hill, through its agent, NAS recorded a notice of delinquent assessment lien. Per the notice, the amount due to the HOA was $947.79, which included late fees, collection fees and interest in the amount of $690.08. A true and correct copy of the notice of lien is recorded with the Clark County Recorder as instrument number **201201040001117**.

20. On February 27, 2012, Star Hill, through its agent NAS, recorded a notice of default and election to sell under homeowners association lien. The notice states the amount due to Star Hill was $1,860.87, but does not specify whether it includes dues, interest, fees and collection costs in addition to assessments. A true and correct copy of the notice is recorded with the Clark County Recorder as instrument number **2012022700002445**. The notice of default also does not specify the super-priority amount claimed by Star Hill and fails to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1).

21. On November 19, 2012, Star Hill, through its agent NAS, recorded a notice of foreclosure sale. The foreclosure sale was scheduled for December 14, 2012. The notice states the amount due to Star Hill was $3,503.55, which includes "reasonable estimated costs, expenses and advances … ." A true and correct copy of the notice of sale is recorded with the Clark County Recorder as instrument number **201211190001792**. The notice of sale does not identify the super-priority amount claimed by Star Hill and fails to describe the amount necessary to satisfy the lien as required by NRS 116.311635(3)(a).

22. The foreclosure notices incorporate Star Hill's Declaration of Covenants, Conditions and Restrictions and reservations of Easements (**CC&Rs**) by reference, including the mortgage protection clause protecting the rights of beneficiaries under any first recorded deed of trust.

23. In none of the recorded documents nor in any notice did Star Hill and/or its agent NAS provide notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount or the consequences for failure to do so.

24. In none of the recorded documents did Star Hill and/or its agent NAS identify the amount of the alleged lien that was for late fees, interest, fines/violations or collection fees/costs.

25. In none of the recorded documents nor in any notice did Star Hill and/or its agent NAS specify whether it was foreclosing on the super-priority portion of its lien, if any, or on the sub-priority portion of its lien.

26. In none of the recorded documents nor in any notice did Star Hill and/or its agent NAS specify the senior deed of trust would be extinguished by Star Hill's foreclosure.

27. In none of the recorded documents nor in any notice did Star Hill and/or its agent NAS identify any way by which the beneficiary under the senior deed of trust could satisfy the super-priority portion of HOA's claimed lien.

28. The deficiencies in the notices notwithstanding, on or about May 10, 2012, BANA, as then loan servicer, through its counsel Miles, Bauer, Bergstrom & Winters, LLP (**Miles Bauer**) remitted payment to Star Hill, through its agent NAS, to satisfy the super-priority amount owed to Star Hill.

29. BANA requested a ledger from NAS identifying the super-priority amount allegedly owed to Star Hill. NAS refused to provide one.

30. BANA and its counsel were forced to attempt to calculate the super-priority amount claimed by Star Hill by reference to prior payoff ledgers provided by NAS for different properties in the Star Hill community.

31. Based on the monthly assessment amount identified in a prior Star Hill ledger for a different property, BANA calculated the true super-priority amount as $295.65, the sum of nine-months of common assessments as identified in HOA's prior ledger, and tendered that amount Star Hill on May 10, 2012. A true and correct copy of Star Hill's prior ledger, and BANA's tender letter and check are attached as **Exhibit 1.** NAS, as agent for Star Hill, refused BANA's tender.

32. Despite the tender, Star Hill foreclosed on the property on or about January 25, 2013. It sold the property to SFR for $18,100.00. A true and correct copy of the foreclosure deed was recorded with the Clark County Recorder as instrument number **201301300003063**, on January 30, 2013.

33. Star Hill's sale of the property to SFR for less than 7% of the value of the unpaid principal balance on the senior deed of trust, and, on information and belief, for a similarly diminutive percentage of the property's fair market value, is commercially unreasonable and not in good faith as required by NRS 116.1113.

## FIRST CAUSE OF ACTION

### (Quiet Title/Declaratory Judgment against All Defendants)

34. Deutsche Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

35. Pursuant to 28 U.S.C. § 2201, this Court is empowered to declare the rights of parties and other legal relations of parties regarding the property at issue.

36. An actual controversy has arisen between Deutsche Bank and defendants regarding the property. The senior deed of trust is a first secured interest on the property. As a result of the Star Hill's foreclosure sale on January 25, 2013, SFR claims an interest in the property, and on information and belief, asserts it owns the property free and clear of the senior deed of trust.

37. Deutsche Bank is entitled to a declaration that Star Hill's foreclosure did not extinguish the senior deed of trust, or alternatively, Star Hill's foreclosure is void.

### NRS Chapter 116 Violates Deutsche Bank's Right to Procedural Due Process

38. Deutsche Bank asserts that Chapter 116 of the NRS scheme of HOA super priority non-judicial foreclosure violates Deutsche Bank's procedural due process rights under the state and federal constitutions.

39. The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution protect Deutsche Bank from being deprived of its deed of trust in violation of procedural due process guarantees of notice and an opportunity to be heard.

40. Deutsche Bank asserts that there is no way to apply Nevada's scheme of non-judicial HOA super priority foreclosure that complies with Nevada and the United States' respective guarantees of procedural due process.

41. The Nevada Constitution does not expressly set forth a state action

requirement. Even if it did, and consistent with the state action requirements of the Federal Constitution, the state of Nevada has become sufficiently intertwined with homeowners' association's foreclosure such that state and federal procedural due process protections for Deutsche Bank's deed of trust apply, to wit:

a) The super priority lien did not exist at common law, but rather is imposed by statute.

b) In order to conserve governmental resources and fund the quasi-governmental HOA, Nevada's legislature made super priority mandatory, expanded the super-priority duration from six to nine months, and declared the HOA could not contractually subordinate its lien by provisions within a HOA's covenants, conditions, and restrictions.

c) The super priority lien has no nexus whatsoever to a private agreement between Star Hill and Deutsche Bank, but, again, is imposed by legislative enactment.

d) Nevada and Clark County mandated the creation of Star Hill as a quasi-governmental entity to perform governmental functions including maintaining the common open spaces and private streets within the Star Hill community.

42. Because the state of Nevada is responsible for the creation of the super priority lien and has made it mandatory, the state of Nevada's HOA super priority foreclosure scheme is the result of state action subject to procedural due process safeguards.

43. On its face, Nevada's scheme of non-judicial homeowners association's super priority foreclosure lacks any pre-deprivation notice requirements or post-deprivation redemption options that are necessary components of due process:

a) NRS 116.31162 and NRS 116.311635 do not require that an HOA provide Deutsche Bank with written notice of the sum that constitutes the super priority portion of the assessment lien.

b) Chapter 116 of NRS seeks to insulate its scheme of super priority non-judicial foreclosure by failing to provide any post-sale right of equity or redemption.

c) Chapter 116 of NRS fails to provide Deutsche Bank with a statutorily

enforceable mechanism to compel an HOA to inform Deutsche Bank of the sum of the HOA super priority amount.

44. As applied, the HOA non-judicial foreclosure violated state and federal procedural due process protections for Deutsche Bank's deed of trust since BANA was not provided with any notice its physical delivery of a check for nine months of assessments did not redeem the senior deed of trust's priority prior to the HOA foreclosure.

45. Deutsche Bank requests this court void the HOA foreclosure sale or declare SFR's title was acquired subject to the deed of trust because NRS 116's scheme of HOA super priority foreclosure violates the due process clauses of The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution.

**Additional Reasons the HOA Foreclosure Sale Did Not Extinguish the Senior Deed of Trust**

46. The HOA sale is void or did not extinguish the deed of trust for additional reasons stated below.

47. The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to describe the lien in sufficient detail as required by Nevada law, including, without limitation: whether the deficiency included a "super-priority" component, the amount of the super-priority component, how the super-priority component was calculated, when payment on the super-priority component was required, where payment was to be made or the consequences for failure to pay the super-priority component. Alternatively, the foreclosure sale is void.

48. The foreclosure sale did not extinguish the deed of trust because BANA tendered and satisfied the super-priority amount and Star Hill wrongfully rejected the tender. Alternatively, the foreclosure sale is void.

49. The foreclosure sale did not extinguish the senior deed of trust because the sale was commercially unreasonable or otherwise failed to comply with the good faith requirement of NRS 116.1113 in several respects, including, without limitation, the lack of sufficient notice, Star Hill's wrongful rejection of the tender, the sale of the property for a fraction of the loan balance or

actual market value of the property, a foreclosure that was not calculated to promote an equitable sales prices for the property or to attract proper perspective purchasers, and a foreclosure sale that was designed and/or intended to result in maximum profit for the HOA, its agent and SFR at the sale without regard to the rights and interest of those who have an interest in the loan and made the purchase of the property possible in the first place.  Alternatively, the foreclosure sale is void.

50. The foreclosure sale did not extinguish the deed of trust because otherwise the sale would violate Deutsche Bank's rights to due process, as a result of Star Hill's failure to provide sufficient notice of the super-priority component of Star Hill's lien, the manner and method to satisfy it, and the consequences for failing to do so.  Alternatively, the foreclosure sale is void.

51. The foreclosure sale did not extinguish the deed of trust because otherwise the sale would violate Deutsche Bank's rights to due process, as a result of Star Hill's failure to inform Deutsche Bank that its interests were still threatened by foreclosure even after BANA's tender had redeemed the superpriority lien.

52. The foreclosure sale did not extinguish the senior deed of trust because SFR does not qualify as a bona fide purchaser for value, because it was aware of, or should have been aware of, the existence of the senior deed of trust, BANA's satisfaction of the super-priority component of HOA's lien, and the commercial unreasonableness of the HOA sale.  Alternatively, the foreclosure sale is void.

53. Deutsche Bank is entitled to a declaration, pursuant to 28 U.S.C. § 2201, NRS 30.040, and NRS 40.010, that the HOA sale did not extinguish the senior deed of trust.

54. Deutsche Bank was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**(Breach of NRS 116.1113 against Star Hill and NAS)**

55. Deutsche Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

56. NRS § 116.1113 and common law provide that every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement.

57. As a senior lienholder, Star Hill also owes all junior lienholders a duty of good faith to treat it fairly with regard to decisions regarding the disposal of the collateral securing the respective liens.

58. Star Hills's recorded CC&Rs contain a mortgagee protection clause which provides, "Notwithstanding all other provisions hereof, no lien created under this Article 7, nor the enforcement of any provision of this Declaration shall defeat or render invalid the rights of the Beneficiary under any Recorded First Deed of Trust encumbering a Unit, made in good faith and for value . . . . The lien of the assessments, including interest and costs, shall be subordinate to the lien of any First Mortgage upon the Unit." This provision makes Deutsche Bank a direct beneficiary of the protections afforded under the CC&Rs, along with all accompanying duties under NRS 116 et seq. and common law.

59. NRS Chapter 116 requires Star Hill to comply with the obligations of the CC&Rs, including the mortgage protection clause.

60. After making the representation in the CC&Rs that no breach of any obligation imposed by the CC&Rs would jeopardize the rights of the beneficiary of the senior deed of trust, Star Hill is charged with a duty to inform lenders that Star Hill's representation regarding the unequivocal protection of security interests in the CC&Rs was false, to notify lenders that the senior deed of trust was at risk, and to give lenders a reasonable opportunity to protect their interests in the property.

61. After making the representation in the CC&Rs that no breach of any obligation imposed by the CC&Rs would jeopardize the rights of the beneficiary of the senior deed of trust, Star Hill is charged with the duty to either not foreclose or to specifically foreclose on only the sub-priority portion of Star Hill's lien.

42815334;2                                    11

62. As a senior lienholder, Star Hill also owes all junior lienholders a duty of good faith to treat it fairly with regard to decisions regarding the disposal of the collateral securing the respective liens.

63. Star Hill breached their duty of good faith by not identifying the superpriority amount of its lien for B BANA or Deutsche Bank, by not notifying BANA or Deutsche Bank that Star Hill's representation regarding the protection of security interests was false, by not notifying BANA or Deutsche Bank the Deed of Trust was at risk, by not providing any reasonable opportunity for BANA or Deutsche Bank to protect the Deed of Trust, by purporting to foreclose on the superpriority portion of its lien, and by unfairly disposing of the collateral in a commercially unreasonable fashion.

64. If it is determined Star Hill's sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, Star Hill's breach of its obligation of good faith will cause Deutsche Bank to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA sale, whichever is greater.

65. Deutsche Bank was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### (Wrongful Foreclosure against Star Hill and NAS)

66. Deutsche Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

67. To the extent defendants contend or the Court concludes Star Hill's foreclosure sale extinguished the senior deed of trust, the foreclosure was wrongful.

68. Because Star Hill and its agent NAS failed to give adequate notice and an opportunity to cure the deficiency, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

42815334;2                                    12

69. Because BANA satisfied the super-priority portion of Star Hill's lien prior to the foreclosure sale there was no default in the super-priority component of Star Hill's lien at the time of the foreclosure sale and the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

70. Because Star Hill and its agent NAS sold the property for a grossly inadequate amount, compared to the value of the property and amount of outstanding liens defendants contend were extinguished by the foreclosure sale, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

71. Because Star Hill violated the representations in the CC&Rs that no enforcement of any provision of the declaration would defeat the Deed of Trust, the foreclosure was wrongful to the extent any defendant contends it extinguished the Deed of Trust.

72. Because Star Hill and its agent NAS violated the good faith requirements of NRS 116.1113, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

73. If it is determined Star Hill's foreclosure sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, Star Hill's actions will cause Deutsche Bank to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the sale, whichever is greater.

74. Deutsche Bank was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### (Injunctive Relief against SFR)

75. Deutsche Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

76. Deutsche Bank disputes SFR's claim it owns the property free and clear of the senior deed of trust.

77. Any sale or transfer of the property by SFR, prior to a judicial determination concerning the respective rights and interests of the parties to this case, may be rendered invalid if the senior deed of trust still encumbers the property in first position and was not extinguished by the HOA sale.

78. Deutsche Bank has a substantial likelihood of success on the merits of the complaint, and damages would not adequately compensate for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the property.

79. Deutsche Bank has no adequate remedy at law due to the uniqueness of the property involved in this case and the risk of the loss of the senior security interest.

80. Deutsche Bank is entitled to a preliminary injunction prohibiting SFR, or its successors, assigns, or agents, from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust.

81. Deutsche Bank is entitled to a preliminary injunction requiring SFR to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

## **PRAYER FOR RELIEF**

Deutsche Bank requests the Court grant the following relief:

1. A declaration establishing that Deutsche Bank's Deed of Trust is the senior lien encumbering the property;

2. A declaration establishing that Deutsche Bank's Deed of Trust is senior and superior to any right, title, interest, lien, equity, or estate acquired by SFR at the foreclosure sale;

3. A declaration that the superpriority portion of Star Hill's lien was eliminated by BANA's tender of the superpriority amount;

4. An order declaring that SFR purchased the property subject to Deutsche Bank's senior deed of trust;

5. In the alternative, an order that the HOA foreclosure sale, and any resulting foreclosure deed was *void ab initio*;

6. In the alternative, an order requiring Star Hill and NAS to pay Deutsche Bank all amounts by which it was damaged as a result of Star Hill and NAS's wrongful foreclosure and/or violation of the good faith provisions of NRS § 116.1113;

7. A preliminary injunction prohibiting SFR, its successors, assigns, or agents from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust;

8. A preliminary injunction requiring SFR to pay all taxes, insurance, and homeowner's association dues during the pendency of this action;

9. Reasonable attorneys' fees as special damages and the costs of suit; and

10. For such other and further relief the court deems proper.

DATED this 29th day of September, 2017.

**AKERMAN LLP**

*/s/ Jamie K. Combs*
Ariel E. Stern, Esq.
Nevada Bar No. 8276
Jamie K. Combs, Esq.
Nevada Bar No. 13088
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
*Attorneys for Plaintiff Deutsche Bank National Trust Company, as Trustee for Holders of the GSAA Home Equity Trust 2006-11 Asset-Backed Certificates Series 2006-11*

42815334;2                    15

**Declaration of Jamie K. Combs, Esq. Pursuant to NRS 38.330(1)**

I, Jamie K. Combs, declare and state as follows:

1. I am an attorney with the law firm of Akerman, LLP, 1160 Town Center Drive, Suite 330, Las Vegas, NV 89177, and I am counsel of record for Plaintiff Deutsche Bank. I am personally knowledgeable of the matters set forth in this declaration.

2. I hereby verify that on November 15, 2016, a mediation related to the matters at issue in this Complaint was conducted through the Nevada Real Estate Division, pursuant to NRS 38.300, but no resolution was reached.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 22, 2017 at Las Vegas, Nevada.

/s/ *Jamie K. Combs, Esq.*

Jamie K. Combs, Esq.

**EXHIBIT TO COMPLAINT**

**Case No.: 2:17-cv-02536**

EXHIBIT 1    Star Hill prior ledger and BANA's Tender Letter and Check

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

42815334;2