# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Deutsche Bank National Trust Company, as Trustee for Holders of the GSAA Home Equity Trust 2006-11 Asset-Backed Certificates Series 2006-11,

    Plaintiff

v.

Star Hill Homeowners Association, et al.,

    Defendants

Case No.: 2:17-cv-02536-JAD-PAL

**Order Granting Motions to Dismiss and for Judgment on the Pleadings**

[ECF Nos. 18, 26]

    Deutsche Bank National Trust Company brings this diversity action to challenge the 2013 non-judicial foreclosure sale of the home at 5055 Quiet Falls Court in Las Vegas, Nevada, on which it claims a deed of trust securing a mortgage on the property.[1] The Bank sues the Star Hill Homeowners Association (the HOA) and SFR Investments Pool I, LLC (the purchaser at the foreclosure sale). It seeks damages, injunctive relief, and a declaration that its deed of trust was not extinguished by the sale even though Nevada law holds that a properly conducted HOA non-judicial foreclosure sale will extinguish a first deed of trust.[2]

    SFR moves to dismiss, and the HOA seeks judgment on the pleadings, both arguing that the Bank's claims are time barred under the applicable state statutes of limitations.[3] Because I find that the Bank's filing of this action nearly five years after the foreclosure deed recorded renders all of its claims time barred, I grant the motions.

---

[1] ECF No. 1.

[2] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

[3] ECF Nos. 18, 26. I find these motions suitable for disposition without oral argument. LR 78-1.

# Factual Background[4]

Deutsche Bank claims that it is the beneficiary of a deed of trust securing a loan on the home at 5055 Quiet Falls Court in Las Vegas, Nevada. The home is located within the Star Hill Homeowners Association and subject to the HOA's codes, covenants, and restrictions (CC&Rs), which require the owners of property within this planned development to pay certain assessments. When the assessments on this home became delinquent, the HOA, through its agent Nevada Association Services, Inc. (NAS),[5] commenced non-judicial foreclosure proceedings under Chapter 116 of the Nevada Revised Statutes. The foreclosure sale occurred on January 25, 2013, and the trustee's deed in favor of purchaser SFR recorded on January 30, 2013.[6]

The Nevada Legislature gave HOAs a superpriorty lien against residential property for certain delinquent assessments.[7] As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 1163.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[8] The Bank alleges that its predecessor in interest, Bank of America, asked NAS to identify the superpriority portion of the delinquent assessments

---

[4] These facts come from the complaint's factual allegations, which I accept as true for purposes of these motions to dismiss.

[5] The Bank also named NAS as a defendant, but NAS has not appeared. Though the Bank filed a notice of intent to take default against NAS in December 2017, *see* ECF No. 24, the Bank has not moved for entry of default.

[6] ECF No. 1 at ¶ 32.

[7] Nev. Rev. Stat. § 116.3116; *SFR*, 334 P.3d at 409.

[8] *SFR*, 334 P.3d at 419.

on this home so it could pay it off, and when NAS refused, the Bank did its own calculation and tendered the amount. "Despite the tender," the HOA foreclosed.[9]

The Bank filed this action on September 9, 2017, four years and eight months after the foreclosure sale recorded.[10] It asserts four claims: (1) quiet title and declaratory relief against all defendants, (2) breach of NRS 116.1113 against the HOA and NAS, (3) wrongful foreclosure against the HOA and NAS, and (4) injunctive relief against SFR.

SFR moves to dismiss all claims against it as time barred.[11] It contends that the Bank's claims against it are governed by a three-year statute of limitations that expired more than a year before this action was filed. And even if the court applies Nevada's longer, four-year catch-all statute, those claims are still time barred. The HOA brings a separate motion for judgment on the pleadings to similarly argue that the Bank's claims against it are too late.[12] The Bank opposes both motions, contending that its claims are governed by longer, not-yet-expired statutory periods, that its claims haven't even ripened yet, and that it should get leave to amend.[13]

### Discussion

A statute-of-limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint."[14] "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint,

---

[9] ECF No. 1 at ¶¶ 28–32.
[10] *Id.*
[11] ECF No. 18.
[12] ECF No. 26.
[13] ECF Nos. 23, 28.
[14] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

3

read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."[15]

A.  **SFR's Motion to Dismiss [ECF No. 18]**

The Bank's first cause of action, entitled "Quiet Title/Declaratory Judgment Against All Defendants,"[16] alleges that, "[a]s a result of Star Hill's foreclosure sale on January 25, 2013, SFR claims an interest in the property, and [that it] owns the property free and clear of [the Bank's] senior deed of trust."[17] To resolve those competing interests, the Bank prays for "a declaration, pursuant to 28 U.S.C. § 2201, NRS 30.040, and NRS 40.010, that the HOA sale did not extinguish [its] senior deed of trust."[18]

SFR contends that this claim is governed by the three-year statute of limitations in NRS 11.190(3)(a), which covers "action[s] upon a liability created by statute, other than a penalty or forfeiture."[19] SFR argues that "we are not dealing with a true" quiet-title claim because the Bank has only a lien interest; it never held title. Instead, the Bank's claim is "based solely on statute and compliance with same."[20] And even if we apply the longer, four-year catch-all statute, SFR contends, the Bank's claims are still eight months late.[21]

The Bank responds that its first claim for relief is better characterized as "a declaratory judgment claim seeking a ruling regarding the enforceability of its deed of trust," and under NRS

---

[15] *Id.*
[16] ECF No. 1 at 6.
[17] *Id.* at ¶ 36.
[18] *Id.* at ¶ 53.
[19] ECF No. 18 at 4.
[20] *Id.*
[21] *Id.* at 6.

4

106.240, "the beneficiary of a deed of trust has 10 years from the date the debt becomes wholly due to foreclose on the deed of trust."[22] But NRS 106.240 only provides that a mortgage debt that goes unpaid for ten years will be "conclusively presumed" satisfied, and the lien will be presumed discharged.[23] It does not place a ten-year statute of limitations on declaratory actions to enforce deeds of trust. The Bank's reliance on *Facklam v. HSBC Bank USA*[24] is similarly misplaced. In *Facklam*, the Nevada Supreme Court held merely that non-judicial foreclosure actions are not subject to the statutes of limitations in NRS Chapter 11 because those time bars apply only to judicial actions, and a non-judicial foreclosure is not a judicial action.[25] So "lenders are not barred from foreclosing on mortgaged property merely because the statute of limitations for contractual remedies on the note has passed."[26] But the Bank is not pursuing non-judicial foreclosure; it filed a judicial action seeking declaratory relief, injunctive relief, and damages. These claims all fall under the "civil action" umbrella and are subject to the limitations periods in NRS Chapter 11.[27]

The Bank also suggests that its first claim for relief is governed by the five-year statutes of limitations for quiet-title claims found in NRS 11.070 and 11.080.[28] It is true that some quiet-

---

[22] ECF No. 23 at 4.

[23] Nev. Rev. Stat. § 106.240; *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001) ("NRS 106.240 . . . extinguishes certain real property debts ten years after they become due absent recorded extensions.").

[24] ECF No. 23 at 5.

[25] *Facklam v. HSBC Bank USA*, 401 P.3d 1068, 1070 (Nev. Sept. 14, 2017).

[26] *Id*.

[27] *See* Nev. Rev. Stat. § 11.010 (providing that "Civil actions can only be commenced within the periods prescribed in this chapter, after the after the cause of action shall have accrued, except where a different limitation is prescribed by statute.").

[28] ECF No. 23 at 5.

5

title claims are governed by NRS 11.070 and 11.080, but not all of them are. NRS 11.080 provides a five-year deadline for claims for "the recovery of real property, or for the recovery of the possession thereof other than mining claims . . . ."[29] But the Bank's claim is not an action for the recovery of property or its possession. If the Bank wins, it gets only a lien against the property. So NRS 11.080 has no application to the Bank's claims in this case.

NRS 11.070 affords a five-year statute of limitations for actions or defenses "founded upon the title to real property or to rents or to services out of the same."[30] The Bank's claims would not fall under this statute either, however, because they are not founded upon title, rents, or services, but upon lien rights created by a deed of trust. So I am unpersuaded that any of Nevada's quiet-title statutes of limitation apply to the Bank's claims.

But I cannot agree with SFR that the Bank's quiet-title claim is governed by a three-year limitations period either. NRS 11.090(3)(a) imposes a three-year statute of limitations on actions "upon a liability created by statute, other than a penalty or forfeiture."[31] SFR summarily states that "the Bank's 'quiet title' is based solely on statute and compliance with same,"[32] but statutory-compliance is just one of the Bank's bases.[33] When this claim is evaluated in its entirety, it is clear that this claim is better categorized as the type of quiet-title claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to quiet title by invoking the court's inherent

---

[29] Nev. Rev. Stat. § 11.080.

[30] Nev. Rev. Stat. § 11.070; *see also Bank of Amer. v. Country Garden Owners Ass'n*, 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018).

[31] Nev. Rev. Stat. § 11.190(3)(a).

[32] ECF No. 18 at 4.

[33] *See* ECF No. 1 at 7–10 (also pleading a due-process violation, commercial unreasonableness, and SFR's inability to claim bona fide purchaser status).

6

equitable jurisdiction to settle title disputes."[34] The resolution of this type of claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support such action."[35] As this claim does not fit neatly into any other statutory limitations period, I am left with the catch-all four-year deadline in NRS 11.220.[36] Because the foreclosure sale took place on January 25, 2013, and this action was filed four years and eight months later on September 29, 2017, the Bank's quiet-title claim is time barred.

In a final effort to save its quiet-title claim, the Bank argues that this claim didn't begin to accrue until the Nevada Supreme Court decided the *SFR* case in 2014 because it didn't know until then that such foreclosure sales extinguish deeds of trust.[37] The notion that *SFR* announced a new rule was rejected by the Nevada Supreme Court in *K&P Homes v. Christiana Trust* when it explained that the *SFR* decision "did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception. Therefore, that decision necessarily applies retroactively."[38] Lenders were well aware of NRS 116.3116 long before *SFR*.[39] As the Bank alleges in its complaint, its predecessor in interest, Bank of

---

[34] *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).

[35] *Id*. at 1112.

[36] NRS 11.220 states, "An action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."

[37] *See* ECF No. 14 at 5–6.

[38] *K&P Homes v. Christiana Trust*, 398 P.3d 292, 295 (Nev. 2017).

[39] *See SFR*, 334 P.3d at 414 (noting that the banks could have easily avoided the effects of NRS 116.3116's lien-extinguishment feature by paying off the HOA liens "to avert loss of [their] security" or by establishing "an escrow for [HOA] assessments to avoid having to use [their] own funds to pay delinquent dues."); *see also Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, 2016 WL 1298108, at *8 (D. Nev. Mar. 31, 2016) (proposing two more ways for a bank to avoid losing its lien interest by HOA foreclosure: "It could attend the

7

America, asked the HOA for a ledger of the superpriority amount due months before assigning the deed of trust to Deutsche Bank just days before the foreclosure sale, demonstrating that it was well aware of NRS 116.3116 and its operation.[40] So, once the foreclosure deed was recorded on January 30, 2013, the Bank had the facts to support its wrongful-foreclosure and NRS 116.1113 claims. Because the *SFR* decision did not change or redefine the Bank's rights or obligations under Nevada's non-judicial foreclosure scheme, it was the foreclosure sale or the recording of that deed just days later—not the *SFR* decision—that started the Bank's four-year clock running. Accordingly, I grant SFR's motion and dismiss the Bank's first and fourth[41] causes of action as time barred.

**B.     The HOA's Motion for Judgment on the Pleadings [ECF No. 26]**

The HOA moves for judgment on the Bank's claims against it for wrongful foreclosure and breach of NRS 116.1113 as similarly time barred. It contends that both claims are governed by NRS 11.190(3)(a)'s three-year statute of limitations on actions "upon a liability created by statute, other than a penalty or forfeiture."[42] A claim for wrongful foreclosure "challenges the authority behind the foreclosure, not the foreclosure act itself."[43] NRS Chapter 116, which

---

statutorily-required public auction and purchase the property. Additionally, if the HOA or its agent refuses to provide the superpriority lien amount or to accept payment, the lienholder could sue for a declaration of the superpriority amount and to require the HOA to accept that amount in satisfaction of the superpriority lien.").

[40] ECF No. 1 at ¶¶ 15, 28–32.

[41] Because the Bank's fourth cause of action, entitled "Injunctive Relief against SFR," ECF No. 1 at 13, is more accurately characterized as the requested remedy for the substantive claim against SFR pled in the Bank's first cause of action, it rises and falls with this quiet-title claim. And because that substantive claim is time barred, I dismiss this injunctive relief "claim" as time barred, too.

[42] Nev. Rev. Stat. § 11.190(3)(a).

[43] *McKnight Family, LLP v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013).

8

authorizes HOAs to enforce liens by non-judicial foreclosure, is the authority behind the sale at issue here. And the Bank alleges that the HOA violated various notice provisions of NRS Chapter 116 when conducting this sale.[44] The Bank's wrongful-foreclosure claim is thus an "action upon a liability created by statute," it is governed by the three-year statute of limitations in NRS 11.190(3)(a), and it is time barred because it was not filed within three years of the foreclosure sale.

The same is true for the Bank's second cause of action, entitled "Breach of NRS 116.1113." NRS 116.1113 states that "[e]very contract or duty governed by [NRS Chapter 116] imposes an obligation of good faith in its performance or enforcement."[45] In effect, this statute just makes it clear that Nevada's policy that "[a]n implied covenant of good faith and fair dealing is recognized in every contract under Nevada law"[46] applies to CC&Rs, too. For this claim, the Bank repackages the notice violations that it alleges in its wrongful-foreclosure claim as breaches of the HOA's "duty of good faith" under NRS 116.1113.[47] Because the good-faith obligation in NRS 116.1113 is also a liability created by statute, this claim is similarly barred by the three-year statute of limitations.

The Bank offers two arguments to avoid this claim bar. It first argues that these claims haven't even begun to accrue yet because it has not sustained injury and won't be injured unless and until "a court finds" that its "deed of trust was extinguished and [rendered] unenforceable as

---

[44] *See* ECF No. 1 at ¶¶ 16–22.

[45] Nev. Rev. Stat. § 116.1113.

[46] *Consol. Generator-Nevada, Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 1256 (Nev. 1998) (citing *Pemberton v. Farmers Ins. Exchange*, 858 P.2d 380, 382 (Nev. 1993)).

[47] ECF No. 1 at ¶¶ 55–65.

a result of" the foreclosure sale, and only then will the statute begin to run.[48] But the Bank does not need a judge to declare the effect of the foreclosure sale in order for the deed of trust to be extinguished. As the Nevada Supreme Court explained in *SFR Investments Pool 1 v. U.S. Bank*, "NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust."[49] So the Bank suffers its injury at the moment of foreclosure, not years later when it gets a court to confirm or disregard that injury.[50]

Next, the Bank contends in a two-sentence argument that these claims should be governed by NRS 11.190(1)(b)'s six-year limitations period for actions "upon a contract, obligation, or liability founded upon an instrument in writing. . . ."[51] That writing, it claims, was the HOA's recorded CC&Rs, in which the HOA "promised not to extinguish the senior deed of trust."[52] But the legal nature of these claims remains the enforcement of a liability created by statute, which is governed by the three-year statute in NRS 11.190(3)(a). In its second cause of action, the Bank asserts not a claim for breach of the CC&Rs, but a claim for breach of NRS 116.1113.[53] The bulk of the Bank's third cause of action is that the HOA's failure to comply

---

[48] ECF No. 14 at 5.

[49] *SFR*, 334 P.3d at 419.

[50] *See also Bank of America v. Country Garden Owners Ass'n*, 2018 WL 1336721, *3 (D. Nev. Mar. 14, 2018) (reasoning, "Because [the Bank's] interest in the property was called into question at the time of the foreclosure sale due to the HOA's superpriority lien, [the Bank] knew as of the foreclosure sale that either its deed of trust was not extinguished so it was not damaged, or its deed of trust was extinguished so it was damaged. No later than when the trustee's deed upon sale was recorded, [the Bank] knew the content of the HOA's notices, . . . and knew the property had been sold at a foreclosure sale . . . . Thus, based on the complaint's allegations, [the Bank] had the facts supporting its contention that the HOA foreclosure sale was improperly conducted as of the date of the foreclosure sale.").

[51] ECF No. 28 at 6.

[52] *Id.*

[53] *See* ECF No. 1 at 10–12.

with Chapter 116's foreclosure procedures rendered the sale wrongful. And to the extent that the Bank is also alleging that the foreclosure was wrongful because the HOA included a mortgage-savings clause in its CC&Rs, promising not to jeopardize the rights of a senior deed-of-trust holder, the Nevada Supreme Court squashed this theory in *SFR*.[54] It explained that NRS 116.1104 states that "Chapter 116's 'provisions may not be varied by agreement, and rights conferred by it may not be waived except as expressly provided in' Chapter 116."[55] And because nothing in that chapter "expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien, . . . [t]he mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case."[56] So, the only legally viable portion of the Bank's wrongful-foreclosure claim is an action founded "upon a liability created by statute," and it is time barred. I thus grant the HOA's motion for judgment on the Bank's second and third claims for relief on this basis.[57]

C. **No leave to amend**

In its oppositions to both motions, the Bank offers a conclusory request for leave to amend.[58] In neither request does the Bank explain what would change if it were given leave to amend or how amendment could cure these fatal deficiencies that are the result of its waiting too long to file this complaint. Though I recognize that leave to amend must be "freely" given

---

[54] *SFR*, 334 P.3d at 418–19.

[55] *Id.* at 419.

[56] *Id.*

[57] Because I am dismissing these claims as time barred, I need not—and do not—reach the defendants' other bases for dismissal. And because the Bank has not indicated how amendment could cure this fatal problem with its claims, I also deny as futile its summary request for leave to amend. *See, e.g.,* ECF No. 42 at 9.

[58] *See* ECF No. 23 at 6 and 28 at 8.

11

"when justice so requires," the Bank's failure to even hint at how justice dictates amendment here compels me to deny its perfunctory requests.[59]

### Conclusion

IT IS THEREFORE ORDERED that SFR's Motion to Dismiss **[ECF No. 18] is GRANTED.** The Bank's first and fourth causes of action are DISMISSED with prejudice as time barred.

IT IS FURTHER ORDERED that the Star Hill Homeowners Association's Motion for Judgment on the Pleadings **[ECF No. 26] is GRANTED.** And with good cause appearing and no reason to delay, the Clerk of Court is directed to **ENTER PARTIAL JUDGMENT in favor of SFR Investments Pool 1, LLC and Star Hill Homeowners Association, and against the Plaintiff on all claims against them.**

IT IS FURTHER ORDERED that **Deutsche Bank National Trust Company has until June 8, 2018, to seek default against lone remaining defendant Nevada Association Services, Inc. or dismiss its claims against this defendant**. **If Deutsche Bank takes no steps to bring the remainder of this case to conclusion by June 8, 2018, the Court will dismiss the Bank's remaining claims without prejudice under FRCP 41(b) for want of prosecution and close this case**, as it does not appear that any steps have been taken to prosecute those claims since the summons was served on NAS on October 2, 2017.

Dated: May 23, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[59] Local Rule 15-1(a) requires parties moving to amend to "attach the proposed amended pleading" to the motion. The Bank's failure to offer a proposed amended complaint provides a second, independent reason to deny its amendment requests.