# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Deutsche Bank National Trust Company, as Trustee for Holders of the GSAA Home Equity Trust 2006-11 Asset-Backed Certificates Series 2006-11,

    Plaintiff

v.

Star Hill Homeowners Association, et. al.,

    Defendants

Case No.: 2:17-cv-02536-JAD-PAL

**Order Granting Motion in Part and Extending Time for Appeal**

[ECF No. 46]

    Deutsche Bank National Trust Company brought this action to challenge the 2013 nonjudicial foreclosure sale of the home at 5055 Quiet Falls Court in Las Vegas, Nevada, on which it claims a deed of trust securing a mortgage. Foreclosing party Star Hill Homeowners Association and foreclosure-sale purchaser SFR Investments Pool 1, LLC, moved to dismiss Deutsche Bank's claims as time barred.[1] I granted those motions,[2] entered judgment[3] in their favor, and gave Deutsche Bank a deadline to bring this case to conclusion against lone-remaining and defaulted defendant Nevada Association Services, Inc. (NAS). Deutsche Bank now moves to certify that dismissal order as final under FRCP 54(b) or, alternatively, to reopen its window to appeal.[4] The defendants filed no opposition.

    I deny the request to certify my dismissal order as final because I already did so. Though I didn't explicitly reference Rule 54(b) of the Federal Rules of Civil Procedure, I recited its

---

[1] ECF Nos. 18, 26.
[2] ECF No. 36.
[3] ECF No. 37.
[4] ECF No. 46.

magic language to cloak my dismissal of Deutsche Bank's claims against two of the three named defendants with the finality needed for appeal. After 11 pages of findings and analysis about why the bank's claims are time barred, the order states, "And with good cause appearing and no reason to delay, the Clerk of Court is directed to ENTER PARTIAL JUDGMENT in favor of SFR Investments Pool 1, LLC and Star Hill Homeowners Association, and against the Plaintiff on all claims against them."[5] The Clerk then entered a "Judgment in a Civil Case" that states, "IT IS ORDERED AND ADJUDGED that judgment is hereby entered in favor of SFR Investments Pool 1, LLC and Star Hill Homeowners Association, and against the Plaintiff on all claims against them."[6] The order and judgment left claims pending only against non-appearing defendant NAS and directed Deutsche Bank to move forward with the default proceedings against NAS or have those claims dismissed for want of prosecution.[7] Because the judgment in favor of SFR and the HOA was a final one, I deny as moot the bank's motion to certify it as final under FRCP 54(b).

But because claims remained against NAS and I did not explicitly state that I was entering "final" judgment under FRCP 54(b) in this regard, I grant the request to extend the appeal deadline under FRAP 4(a)(5). Deutsche Bank brought this request no later than 30 days after the appeal deadline expired, and I find good cause and excusable neglect to revive and extend it. There is no danger of prejudice to the non-moving parties, who have lodged no opposition to the bank's deadline-extension request; the request to extend the deadline was less than a month late; and the other factors do not outweigh these, which tip in favor of extending

---

[5] ECF No. 36 at 12.
[6] ECF No. 37.
[7] ECF No. 36 at 12.

2

the appeal deadline.[8] So I grant Deutsche Bank's alternative request to extend its appeal deadline.

One final point. In a tiny-font footnote in its motion, Deutsche Bank also asks that the claims against NAS be stayed pending the appeal. In support of this request, it offers only the conclusory argument that "without an adjudication on the merits of the claim for declaratory relief against SFR, it is impossible to seek a judgment against NAS."[9] Like many other judges,[10] I disregard substantive arguments—and certainly requests for relief—raised entirely in footnotes. The rules of this court require requests for relief to be made by motion and properly supported with points and authorities.[11] Relegating a request to a reduced-font footnote rarely gives the court the support needed to grant it. This is true of Deutsche Bank's stay request, so I deny it. The notion that the bank needs a declaratory judgment against SFR before it can even seek judgment against NAS suggests that the claims against NAS may be fatally premature and likely should be dismissed without prejudice. But if the bank can demonstrate that the proper path for those claims is a stay, it must file a motion to stay. If the Bank takes no further action on the claims against NAS by November 30, 2018, I will dismiss them without prejudice and close this case.

---

[8] *See Mendez v. Knowles*, 556 F.3d 757, 765 (9th Cir. 2009) (outlining the four factors for excusable neglect established by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[9] ECF No. 46 at 5 n.1.

[10] *See* Bryan Garner, *The Redbook* 190–91 (4th ed. 2018) (collecting authorities).

[11] *See* L.R. 7.2.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Deutsche Bank's motion **[ECF No. 46] is GRANTED IN PART AND DENIED IN PART**: the request for a Rule 54(b) certification is denied as moot, but the motion to extend time to file the notice of appeal is granted. **The deadline to file the notice of appeal is extended to November 16, 2018.**

IT IS FURTHER ORDERED that if the Bank takes no further action on the claims against NAS by November 30, 2018, they will be dismissed without prejudice and this case will be closed.

Dated: November 1, 2018

_____
U.S. District Judge Jennifer A. Dorsey