UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Deutsche Bank National Trust Co., as Trustee for Holders of the GSAA Home Equity Trust 2006-11 Asset-backed Certificates Series 2006-11, <br><br> Plaintiff <br><br> v. <br><br> Star Hill Homeowners Association; et al., <br><br> Defendants | Case No.: 2:17-cv-02536-JAD-BNW <br><br> **Order re: *Thunder Properties* remand** <br><br> [ECF No. 69] |

    Deutsche Bank National Trust Company brought this action to challenge the 2013 nonjudicial foreclosure sale of the home at 5055 Quiet Falls Court in Las Vegas, Nevada, on which it claims a deed of trust securing a mortgage. Foreclosure-sale purchaser SFR Investments Pool 1, LLC, moved to dismiss Deutsche Bank's quiet-title claims as time barred.[1] I found that those claims are subject to a four-year statute of limitations that began to run at the foreclosure sale and granted SFR's motion to dismiss.[2] But the Nevada Supreme Court later held in *U.S. Bank v. Thunder Properties, Inc.* that the four-year limitations period doesn't "begin to run until the lienholder receives notice of some affirmative action by the titleholder to repudiate the lien or that is otherwise inconsistent with the lien's continued existence,"[3] so the

---

[1] ECF Nos. 18, 26.

[2] ECF No. 36. The bank also pled wrongful-foreclosure and statutory-violation claims against the Star Hill Homeowners Association. I found that those claims were subject to different statutes of limitation and granted the HOA's motion for judgment on them. *Id*. at 8. Those claims are not impacted by *Thunder Properties*, and I do not revive them by this order.

[3] *U.S. Bank v. Thunder Properties, Inc.*, 503 P.3d 299, 306 (Nev. 2022).

Ninth Circuit remanded this case back to me to determine the impact of *Thunder Properties* on that dismissal.[4]

In its Motion for Ruling on Remand, the bank argues that its suit is timely under *Thunder Properties* because "[t]he record is devoid of *any* action SFR took to 'affirmatively repudiate' the deed of trust" before the bank filed this suit.[5]  The bank asks me not merely to unwind the dismissal, but also to adjudicate the quiet-title claims in its favor.[6]  SFR opposes the motion, arguing that, due to its pervasiveness as a litigant in this area of HOA-foreclosure law, the bank "was on notice of SFR's position of refuting all deeds of trust" from the day that the foreclosure-sale deed recorded, rendering its filing of these claims nearly five years later untimely.[7]

Having now reconsidered my dismissal in light of *Thunder Properties*, and because the bank's complaint does not allege that SFR repudiated the deed of trust or took an action inconsistent with its existence in the four years before the bank filed this suit, I set aside the dismissal and vacate the judgment.  But the bank's request for judgment in its favor is premature and inadequately developed in its five-page motion.  So I merely allow this case to proceed to the litigation track, and I order the parties to file a new joint proposed discovery plan and scheduling order by March 31, 2023.

---

[4] ECF No. 53 (remand order).
[5] ECF No. 69 at 4.
[6] *Id*. at 5.
[7] ECF No. 73 at 2.

**Discussion**

Rule 60(b)(6) of the Federal Rules of Civil Procedure allows a court to "relieve a party . . . from a final judgment, order, or proceeding" based on any "reason that justifies relief."[8] The *Thunder Properties* ruling supplies such a reason. When I dismissed the bank's claims in 2018, the Nevada Supreme Court had not yet determined which statute of limitation—if any—applies to these HOA-foreclosure quiet-title claims. Although I correctly predicted that the Court would choose the four-year limitations period in Nevada Revised Statute (NRS) 11.220, I was wrong about when that period begins to run.[9] Whereas I found the foreclosure to be the trigger, *Thunder Properties* holds that "an HOA foreclosure sale—standing alone—does not sufficiently call the bank's deed of trust into question to trigger the statute of limitations."[10] "To rise to the level that would trigger the limitations period, something more is required"— "something closely analogous to 'notice of disturbed possession,' such as repudiation of the lien."[11]

I dismissed the bank's quiet-title claims on SFR's motion to dismiss.[12] A court can grant a motion to dismiss based on a claim's untimeliness only "if the running of the statute is apparent on the face of the complaint."[13] So, under *Thunder Properties*, for the bank's quiet-title claims to stay dismissed based on the original motion to dismiss, it must be apparent on the face of the complaint that SFR took affirmative action to repudiate the deed of trust or otherwise acted inconsistent with it more than four years before this suit was filed.

---

[8] Fed. R. Civ. P. 60(b).
[9] *See* ECF No. 36 at 7.
[10] *Thunder Properties*, 503 P.3d at 307.
[11] *Id*. at 306–07.
[12] *See* ECF No. 18 (SFR's motion to dismiss); ECF No. 36 (dismissal order).
[13] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

The complaint contains just two references that could possibly fall into these categories. The bank first alleges that it unsuccessfully mediated this dispute with the Star Hill HOA on November 15, 2016, and that SFR was notified of that "mediation but refused to participate."[14] The complaint was filed a little more than ten months after that mediation, so even if SFR's refusal to participate in the mediation could liberally be construed as an act inconsistent with the bank's lien interest, the complaint was filed well within the four years after that.  The second potential trigger is the bank's allegation that "on information and belief, [SFR] asserts [that] it owns the property free and clear of the senior deed of trust."[15]  But the complaint is silent about when SFR made that assertion or the bank learned of it.  So I cannot conclude that the face of the complaint reveals the untimeliness of the bank's claims such that I can dismiss them at the motion-to-dismiss stage.

## Conclusion

IT IS THEREFORE ORDERED that Deutsche Bank's motion for ruling on remand **[ECF No. 69] is GRANTED in part: having reconsidered the dismissal order, I set it [ECF No. 36] aside, vacate the resulting judgment [ECF No. 37], and return this case to the normal litigation track.  In all other respects, the motion is denied.**

The parties must file their proposed joint discovery plan and scheduling order by March 31, 2023.

_____
U.S. District Judge Jennifer A. Dorsey
March 1, 2023

---

[14] ECF No. 1 at ¶ 8.
[15] *Id*. at ¶ 36.