UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Deutsche Bank National Trust Co., as Trustee for Holders of the GSAA Home Equity Trust 2006-11 Asset-backed Certificates Series 2006-11,<br><br>    Plaintiff<br><br>v.<br><br>Star Hill Homeowners Association; et al.,<br><br>    Defendants | Case No.: 2:17-cv-02536-JAD-BNW<br><br>**Order Denying Request to Certify Question to the Supreme Court of Nevada and Granting Summary Judgment in Favor of Deutsche Bank**<br><br>[ECF Nos. 78, 85] |

    Deutsche Bank National Trust Company brings this action for a declaration that its deed of trust securing the mortgage on a Las Vegas home survived the nonjudicial foreclosure sale to SFR Investments Pool 1, LLC, a real-estate-investment company that snapped up scores of homes for pennies on the dollar during Nevada's foreclosure crisis. The bank moves for summary judgment, arguing that the tender of the full amount of the homeowners association's (HOA's) superpriority lien prior to the foreclosure sale prevented the bank's interest from being wiped out and entitles it to judgment as a matter of law.[1] Because I find no genuine dispute that the bank tendered the full superpriority lien amount and that SFR has not shown that the bank's claims are time barred or otherwise precluded by law or equity, I grant summary judgment in favor of the bank on its quiet-title claim and close this case.

---

[1] ECF No. 78.

# Background

This is one of hundreds of cases that have been filed in the Nevada courts to adjudicate the effect of an HOA's non-judicial foreclosure sale on the deed of trust that secures the long unpaid mortgage on the property. Complicated by the state's unique statutory scheme giving HOAs a superpriority lien for certain unpaid assessments and the Supreme Court of Nevada's 2014 determination that proper foreclosure of such a lien extinguishes a first trust deed, the law governing these quiet-title cases has been in a constant state of flux for a decade now. And with each evolution, the losing side goes back to the drawing board and returns with a new set of arguments. That whack-a-mole litigation style is to blame for this case nearing its seventh birthday.

### A. Deutsche Bank is the beneficiary of the deed of trust securing the substantial mortgage on this home.

This case begins with Jesus Trevino's purchase of the home at 5055 Quiet Falls Court in Las Vegas, Nevada in 2006 with a $307,584 loan from Republic Mortgage, secured by a deed of trust.[2] That deed of trust was assigned to Bank of America in 2011 and later to Plaintiff Deutsche Bank in 2013.[3] The home is located in the Star Valley Ranch planned-unit development and is subject to the governing documents for the Star Hill Homeowners Association (the HOA).[4] Because the assessments on this home became delinquent, the HOA

---

[2] ECF No. 78-1 (deed of trust).

[3] ECF No. 78-2 (9/28/11 assignment from MERS to Bank of America); ECF No. 78-3 (1/10/13 assignment from Bank of America to Deutsche Bank).

[4] ECF No. 78-1 at 20 (PUD rider).

commenced non-judicial foreclosure proceedings on it under Nevada Revised Statutes (NRS) Chapter 116 in 2012.[5]

**B.   The HOA rejected the tender of the superpriority portion of its lien and foreclosed on the property.**

When the then-servicer of the mortgage, Bank of America, learned of the impending foreclosure, its counsel, the law firm of Miles, Bauer, Bergstrom & Winters, LLP, sent a letter to the HOA stating that its client "hereby offers to pay" the nine months of assessments for common expenses incurred before the date of the HOA's notice of delinquent assessment dated February 23, 2012, and asking the HOA to "refrain from taking further action to enforce this HOA lien until" the parties could "speak to attempt to fully resolve all issues."[6] The Miles Bauer firm then referenced an account statement it had received for a different home within the same Star Hill HOA neighborhood to ascertain the amount of the monthly assessment for properties in that community and determined that the monthly assessment was $32.85, for a total of $295.65 for the nine months preceding the HOA's institution of the action to enforce the lien.[7] The firm then sent a check for $295.65 along with a letter that explained that it was including a check to the HOA through its agent Nevada Association Services, Inc. (NAS) to pay off the

---

[5] ECF Nos. 78-5 (notice of default and election to sell).
[6] ECF No. 78-7 at 6–7 (Miles Bauer first letter).
[7] *Id*. at 9–13.

superpriority amount of the lien.[8]  The check was refused and returned,[9] and the HOA foreclosed on the property eight months later.[10]  SFR was the winning bidder at $18,100.[11]

### C. The bank sues for quiet title based on its rejected tender.

As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[12]  But Nevada's High Court has carved out several exceptions to this rule of extinguishment since that *SFR* decision, "for example, if the bank properly tendered the superpriority amount or if tender was excused."[13]

The bank filed this action to save its deed of trust from extinguishment, suing SFR for quiet title and a declaration either that the foreclosure sale was void or it had no effect on the bank's deed of trust.[14]  I dismissed this case in 2018 as time-barred because such claims are governed by a four-year statute of limitations, and it was filed more than four years after the

---

[8] *Id*. at 12–13; ECF No. 78-8 at 2 (wire payout request).

[9] *Id*. at 14–16 (internal records reflecting 5/23/12 entry of "CHECK RETURNED").

[10] ECF No. 78-9 at 2 (foreclosure deed with sale date of 1/25/13).

[11] *Id*.

[12] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

[13] *U.S. Bank v. Thunder Properties, Inc.*, 503 P.3d 299, 307 (Nev. 2022) (internal citations omitted).

[14] ECF No. 1.  The bank also pled wrongful-foreclosure and breach-of-statute claims against the HOA and its agent NAS.  *Id*.  The claims against NAS were dismissed for want of prosecution in 2019.  ECF No. 50.  The claims against the HOA were dismissed as untimely for reasons not impacted by *Thunder Properties*.  To the extent that the claims against the HOA were revived by the Ninth Circuit's reversal and remand, they are mooted by this order because those claims were pled in the alternative and only "[t]o the extent . . . the Court concludes" that the "foreclosure sale extinguished" the bank's deed of trust.  See ECF No. 1 at ¶¶ 64, 67.

foreclosure sale transpired.[15]  But the case was revived in 2022 after the Nevada Supreme Court held in *U.S. Bank v. Thunder Properties, Inc.* that the foreclosure-sale date isn't the trigger for the limitations period.  Rather, "something more is required," and "the limitations period does not begin to run until the lienholder receives notice of some affirmative action by the titleholder to repudiate the lien or that is otherwise inconsistent with the lien's continued existence."[16]  On remand, SFR again moved to dismiss the bank's claims as untimely,[17] citing other circumstances it claimed put the bank on early notice that it was challenging the bank's lien interest, but I denied that motion and returned this case to the litigation track.[18]

**D.      The bank seeks summary judgment based on tender, and SFR maintains that this suit is untimely despite *Thunder Properties*.**

The bank now moves for summary judgment on its quiet-title claim against SFR.[19]  It primarily argues[20] that its predecessor's tender of the full superpriority lien amount makes this case procedurally identical to *Bank of America v. SFR Investments Pool 1, LLC* ("*Diamond Spur*"), in which the Nevada Supreme Court held that "after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the superpriority

---

[15] ECF No. 36.

[16] *Thunder Properties*, 503 P.3d at 306–07; ECF No. 53 (Ninth Circuit remand order).

[17] ECF No. 69.

[18] ECF No. 75.

[19] ECF No. 78.  While the bank also asserts a claim for "injunctive relief" against SFR, it is not a true claim—but rather a prayer for relief that I find mooted by my ruling on the quiet-title claim.

[20] *Id*.  The bank offers additional arguments including that tender was excused based on NAS's well-known policy of rejecting checks.  Because I grant summary judgment based on the rejected tender alone, I need not and do no reach the bank's alternative theories.

portion," so the foreclosure-sale purchaser takes the property subject to the deed of trust.[21]  SFR does not refute the bank's tender argument.  Instead, it argues that quieting title in the bank's favor would violate its due-process rights as a bona fide purchaser, that the *Thunder Properties* decision has no impact on this case because it applies only prospectively, and that SFR's widely known policy of ignoring the first-position liens on the myriad properties it purchased at HOA foreclosure sales put Deutsche Bank on notice well before four years prior to this suit that it was repudiating this and every other deed of trust.  At the very least, SFR contends, the bank's suit is barred by the doctrine of laches.  And if this court is in any way inclined to find the bank's claims timely, SFR asks me to certify to the Supreme Court of Nevada the question of whether this investor's ubiquitous litigation posture in so many of these quiet-title cases "constitutes an affirmative act under *Thunder Properties* for purposes of triggering the statute of limitations."[22]

## Discussion

**A.    The tender of the superpriority amount cured the default, so SFR took the property subject to the deed of trust.**

The bank argues that its predecessor-in-interest's tender of $295.65, which consists of nine months' worth of assessments, operated to discharge the HOA's superpriority lien and should have prevented the HOA from foreclosing on that lien.[23]  The bank relies on *Diamond Spur*, in which the Nevada Supreme Court, sitting en banc, held that a nearly identical "tender cured the default as to the superpriority portion of the HOA's lien, [so] the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion.  Accordingly, the HOA could

---

[21] *Bank of America v. SFR Investments Pool 1, LLC* ("*Diamond Spur*"), 427 P.3d 113, 121 (Nev. 2018) (en banc).

[22] ECF No. 85 at 2.

[23] ECF. No. 78 at 2–6.

6

not convey full title to the property, as [the] first deed of trust remained after foreclosure . . . [and the foreclosure-buyer] purchased the property subject to [the] deed of trust."[24]  In *Diamond Spur*, the Miles Bauer firm tendered nine months' worth of assessments to the HOA with a letter nearly identical to the one here.[25]  And just as in this case, the HOA in *Diamond Spur* nevertheless sold the property at foreclosure.[26]

    *Diamond Spur* is dispositive of this case and compels summary judgment in favor of the bank.  The record shows undisputedly that the Miles Bauer firm validly tendered the full amount of the superpriority lien to the HOA.  The only charges that could comprise the superpriority portion of the HOA's lien were "charges for maintenance and nuisance abatement, and nine months of unpaid assessments."[27]  There is no evidence that charges for maintenance or nuisance abatement were imposed against this property, nor does SFR dispute that the nine months of unpaid assessments is properly calculated at $295.65.  On this record, Miles Bauer's tender of $295.65 satisfied the full superpriority portion of the lien.  So, as the Nevada Supreme Court held in *Diamond Spur*, the foreclosure sale on the entire lien resulted in a void sale as to the superpriority portion, the "first deed of trust remained after foreclosure," and "the HOA could not convey full title to the property."[28]  The bank is therefore entitled to summary judgment on its quiet-title claim and a declaration that SFR purchased the property subject to the deed of trust.

---

[24] *Diamond Spur*, 427 P.3d at 121.
[25] ECF No 78.
[26] *Diamond Spur*, 427 P.3d at 116–17.
[27] *Id*. at 117 (citing Nev. Rev. Stat. § 116.3116(2) and *SFR*, 334 P.3d at 412).
[28] *Id.* at 121.

**B.     None of SFR's arguments prevents the entry of judgment in the bank's favor.**

    *1.     SFR's BFP argument is precluded by <u>Diamond Spur</u>.*

SFR contends that "to now apply *Diamond Spur*" to it "in this case violates fundamental principles of due process" because at the time SFR bought this property for $18,100 and with record notice of the deed of trust securing a $307,584 mortgage loan, Nevada law protected bona fide purchasers for value (BFPs) from unknown encumbrances.[29]  So this court "must reject the application" of this binding Nevada case law here.[30]  In short, SFR wants this court to ignore *Diamond Spur* altogether because it doesn't like its holding—which comes as no surprise given that SFR itself was the losing party in that very case.

    But *Diamond Spur* is binding on this court and SFR can't avoid it.  SFR made—and the Supreme Court of Nevada rejected—this BFP argument in *Diamond Spur* itself, relying then (as it does here) on a tortured reading of the Court's 2016 discussion of BFP principles in *Shadow Wood Homeowners Association v. New York Community Bancorp, Inc.*[31]  The *Diamond Spur* court held, however, that "[a] party's status as a BFP is irrelevant when a defect in the foreclosure proceeding renders the sale void."[32]  And that's exactly what happens when an HOA forecloses after a valid tender.  As the Court explained, "after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the superpriority

---

[29] ECF No. 86 at 14–15.

[30] *Id*. at 15.

[31] *See id*. at 12 (citing *Shadow Wood Homeowners Association v. New York Community Bancorp, Inc.*, 366 P.3d 1105 (Nev. 2016)); *Diamond Spur*, 427 P.3d at 121 ("SFR claims that even if Bank of America's tender satisfied the superpriority portion of the HOA lien, SFR's status as a bona fide purchaser (BFP) gives it title to the property free and clear of Bank of America's interest, citing *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*").

[32] *Diamond Spur*, 427 P.3d at 121.

portion, because it cannot extinguish the first deed of trust on the property."[33]  So even if SFR can claim BFP status here, that status is irrelevant.  And just as in *Diamond Spur*, that status doesn't—and can't—"extinguish the first deed of trust on the property."[34]  SFR cannot escape this binding rule by claiming it's unconstitutionally unfair, and it hasn't offered any persuasive legal basis for this court to so hold.

        2.      *SFR's timeliness arguments fail.*

In *Thunder Properties*, the Supreme Court of Nevada held that quiet-title claims like the bank's here are governed by a four-year statute of limitations.  But "an HOA foreclosure sale— standing alone—does not sufficiently call the bank's deed of trust into question to trigger th[at] statute of limitations."[35]  "To rise to the level that would trigger the limitations period, something more is required"— "something closely analogous to 'notice of disturbed possession,' such as repudiation of the lien."[36]  In its second post-remand bite at the untimeliness apple,[37] SFR argues that the "something more" required by *Thunder Properties* is its "universal and persistent repudiation" of "every single deed of trust" on a property it acquired by HOA foreclosure sale.[38]  It notes that it had "at least 24 cases pending with" Deutsche Bank or its predecessor-in-interest by late 2013 alone, so the bank "knew or was on notice of SFR's" policy and approach "by four years prior to" the filing of this case.[39]

---

[33] *Id.*

[34] *Id.*

[35] *Thunder Properties*, 503 P.3d at 307.

[36] *Id.* at 306–07.

[37] *See* ECF No. 68 (SFR's supplemental brief on remand).

[38] ECF No. 86 at 2–7.

[39] *Id.* at 4.

The notion that SFR's position in a handful of cases put the bank on notice that it was repudiating the deeds of trust on all SFR-purchased properties in the bank's massive mortgage portfolio, including this one, falls short of the *Thunder Properties* mark, however. The *Thunder Properties* court made it clear that the lienholder must "receive[] notice of some affirmative action by the titleholder to repudiate *the* lien or that is otherwise inconsistent with *the* lien's continued existence."[40] SFR's litigation of other liens wasn't affirmative action on this lien. Even if the bank should have inferred from SFR's litigation strategy on other properties that it would take the position that this lien was extinguished by its foreclosure purchase, "mere notice of an adverse claim is not enough" under Nevada law.[41] Rather, the period is triggered when the challenging party does something "more akin to" "pressing an adverse claim,"[42] and SFR didn't do that until it answered the bank's complaint in this case. As various Ninth Circuit panels have concluded, "SFR's suits to extinguish other [ ] deeds of trust on other properties that SFR purchased at HOA sales are not affirmative actions under *Thunder Properties* because they did not concern the property at issue here," and "its general policy of refuting the continued existence of [such] deed of trust . . . is not an affirmative action."[43]

SFR alternatively contends that *Thunder Properties* has no application here as it can be applied only prospectively because it announced a new rule of law and its retroactive application

---

[40] *Thunder Properties*, 503 P.3d at 306 (emphasis added).

[41] *Id*. (quoting *Berberich v. Bank of America, N.A.*, 460 P.3d 440, 443 (Nev. 2020)).

[42] *Id*. at 307.

[43] *SFR Invs. Pool 1, LLC v. Bank of Am., N.A.*, 2023 WL 8613498, *1 (9th Cir. Dec. 13, 2023); *Wells Fargo Bank, N.A. v. Springs at Centennial Ranch HOA*, 2023 WL 6890086, at *1 (9th Cir. Oct. 19, 2023).

10

would be unfair.[44] But "[t]he retroactivity of a state change of law is a state question,"[45] and the Supreme Court of Nevada tacitly answered this one when denying rehearing in *Thunder Properties*.[46] The Ninth Circuit has also rejected as "meritless" the argument that "*Thunder Properties* applies only prospectively and therefore does not govern here."[47] So I find that *Thunder Properties* applies to this case.

Nor can I conclude that the doctrine of laches bars the bank's claim. SFR argues that the bank's inexcusable delay in bringing this suit over the validity of its lien interest after the foreclosure sale irrevocably prejudiced it because justice delayed is justice denied.[48] But any fault for the delay in adjudicating this issue falls equally on SFR, who could have brought its own quiet-title suit. Nevada law holds that "[e]specially strong circumstances must exist . . . to sustain a defense of laches when the statute of limitations has not run."[49] And as a Ninth Circuit panel recently held in a similar case between SFR and Bank of America, those strong circumstances "are not present here."[50]

---

[44] ECF No. 86 at 7–10.

[45] *La Rue v. McCarthy*, 833 F.2d 140, 142 (9th Cir. 1987).

[46] *See U.S. Bank, N.A. v. Thunder Properties, Inc.*, Supreme Court. of Nev. Case No. 81129, Br. for SFR Invs. Pool 1, LLC as Amicus Curiae Supporting Resp't's Pet. for R'hrg at 8 (Mar. 29, 2022) (wherein SFR argued in urging rehearing that "this Court has undoubtedly created a law that cannot, in fairness, be applied retroactively") & Order Denying R'hrg (May 18, 2022).

[47] *SFR Invs. Pool 1, LLC*, 2023 WL 8613498 at *1 n. 1.

[48] ECF No. 86 at 11.

[49] *Bldg. & Const. Trades Council of N. Nev. v. State ex rel. Pub. Works Bd.*, 836 P.2d 633, 637 (Nev. 1992).

[50] *SFR Invs. Pool 1, LLC*, 2023 WL 8613498 at *1 (quoting *Bld. & Const. Trades Council*, 836 P.2d at 637).

### 3. Whether SFR's conduct in other cases triggered the statute of limitation here is not worthy of certification to Nevada's High Court.

Nevada Rule of Appellate Procedure 5 allows the Supreme Court of Nevada to "answer questions of law certified to it by . . . a United States District Court" if the question of state law "may be determinative of the cause then pending in the certifying court" and "there is no controlling precedent in the decisions of the Supreme Court" of Nevada or its intermediate court of appeals.[51] A federal court's decision to certify such a question to a state's highest court "rests in the sound discretion of the federal court,"[52] and the procedure "is reserved for state law questions that present significant issues, including those with important public policy ramifications, and that have not yet been resolved by the state courts."[53] At least one Ninth Circuit panel has declined SFR's invitation to certify this question to the Supreme Court of Nevada.[54] Because I find that the question of whether SFR's conduct with respect to other properties it purchased at HOA foreclosures triggered the statute of limitations for this suit is capable of resolving under *Thunder Properties* without further input by the Supreme Court of Nevada and that this narrow question does not have sufficiently important public-policy ramifications to justify asking that court to perform this extra work, I follow the Ninth Circuit's lead and deny SFR's motion to certify.

---

[51] Nev. R. App. P. 5(a).

[52] *Louie v. United States*, 776 F.2d 819, 824 (9th Cir. 1985) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

[53] *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003).

[54] *See SFR Invs. Pool 1, LLC*, 2023 WL 8613498 at *2 n.2.

**Conclusion**

IT IS THEREFORE ORDERED that Deutsche Bank's motion for summary judgment **[ECF No. 78] is GRANTED** in part, and SFR's motion to certify question **[ECF No. 85] is DENIED:**

- Summary judgment is granted in favor of Plaintiff Deutsche Bank National Trust Company, as Trustee for Holders of the GSAA Home Equity Trust 2006-11 Asset-Backed Certificates Series 2006-11 and against SFR Investments Pool 1, LLC on the bank's equitable quiet-title claim based on valid tender;

- The bank's claims against the Star Hill Homeowners Association are DISMISSED as moot;

- The bank's fourth cause of action for injunctive relief against SFR is DISMISSED because injunctive relief is a remedy, not an independent cause of action, and also because it seeks a preliminary injunction during the pendency of this case, and the entry of final judgment renders that "claim" moot; and

- The motion for summary judgment [ECF No. 78] is denied in all other respects.

So with good cause appearing and no reason to delay, and because this order leaves no claims pending, IT IS FURTHER ORDERED THAT the Clerk of Court is directed to **ENTER FINAL JUDGMENT in favor of the Plaintiff** Deutsche Bank National Trust Company, as Trustee for Holders of the GSAA Home Equity Trust 2006-11 Asset-Backed Certificates Series 2006-11 and against SFR Investments Pool 1, LLC **DECLARING that Defendant SFR Investments Pool 1, LLC purchased the property at 5055 Quiet Falls Court, Las Vegas,**

**Nevada, 89141 subject to the deed of trust recorded in the Clark County records on 3/27/2006 as Document Number 20060327-0003396**, and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
July 8, 2024